IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>v.<br><br>EDWARD H. WILLIAMS<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 6:19-CR-61-ADA |

**ORDER DENYING MOTION FOR TRANSFER TO HALFWAY HOUSE**

Edward H. Williams, a federal prisoner, incarcerated at a Bureau of Prisoners ("BOP") facility sent a *pro se* letter to the Court requesting that he serve the balance of his sentence in a halfway house. ECF No. 226. After carefully reviewing the motion and the applicable law, the Court **DENIES** Defendant's Motion to Transfer to a Halfway House.

**I. BACKGROUND**

On September 17, 2019, Defendant Mr. Williams pled guilty to one count of Possession with Intent to Distribute Cocaine, a Schedule II Narcotic Drug Controlled Substance, and another count of Possession with Intent to Distribute Methamphetamine, a Schedule II Controlled Substance. ECF No. 190 at 4. On April 21, 2021, the Court sentenced Mr. Williams to time served for each count, with three years of supervised release to follow. ECF No. 194. On December 3, 2021, this Court revoked Mr. Williams's term of supervised release because he violated terms of his supervision. ECF No. 224. He was then remanded to the custody of the U.S. Marshal for a term of imprisonment of eight months. *Id.*

On January 4, 2022, this Court received a letter written by Mr. Williams asking this Court to move him to a halfway house for two to three months. ECF No. 226. He argues that he has

nowhere to go when he is released and will have no money. *Id.* There is no indication from his letter that he asked the Bureau of Prisons ("BOP") to be transferred to a halfway house.

## II. DISCUSSION

Two statutory provisions govern the BOP's authority to transfer inmates to halfway houses. 18 U.S.C. §§ 3621(b) and 3624(c)." *Sacora v. Thomas*, 628 F.3d 1059, 1061–62 (9th Cir. 2010). First, § 3621(b) "governs the BOP's authority in cases where a prisoner who has *more* than a year left to serve his or her prison sentence requests a transfer to a [halfway house]." *Id.* (emphasis added). Second, section 3624(c)(1) governs the designation of prisoners to a halfway house who have less than one year of their prison sentence to serve. Under either provision, the Attorney General—and by delegation the BOP—has exclusive authority and discretion to designate the place of an inmate's confinement. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971). "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).

Based on the foregoing, this Court does not have the authority to order that Mr. Williams be transferred to a halfway house. Only the BOP can make that determination. Any ruling on this Motion by this Court would have no binding effect on the BOP. This comports with the approach that other courts in the Fifth Circuit have taken in denying requests to transfer to a halfway house. *United States v. Felan*, No. 2:14-876-1, 2020 WL 4547155, at *5 (S.D. Tex. Aug. 5, 2020) (holding that "this Court does not have the authority to order that Defendant be transferred to a halfway house or medical facility."); *Brown v. Underwood*, No. 3:19-CV-1706-B-BN, 2019 WL

2

5580106, at *2 (N.D. Tex. Aug. 22, 2019), *report and recommendation adopted*, 2019 WL 5579198 (N.D. Tex. Oct. 28, 2019) (holding that the defendant was not entitled to habeas relief for his request for judicially-imposed placement in a halfway house). Mr. Williams is of course not precluded from asking the BOP to transfer him to a halfway house.

For those reasons, Defendant's Motion to Transfer to Halfway House (ECF No. 226) is **DENIED**.

SIGNED this 22nd day of February, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE